IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YVONNE YOUNG, Administratrix of the Estate of Ron Timbers | : : : | CIVIL ACTION |
| v. | : : | |
| CITY OF PHILADELPHIA, ET AL. | : | NO. 07-4799 |

### ORDER - MEMORANDUM

**AND NOW**, this 13th day of February, 2008, upon consideration of the "Motion to Stay Proceedings Pending Completion of IAD Investigation" filed by Defendants the City of Philadelphia and Police Commissioner Sylvester Johnson (Docket No. 8), and Plaintiff's response thereto, **IT IS HEREBY ORDERED** as follows:

1. The Motion to Stay is **DENIED**; and

2. All Defendants shall respond to Plaintiff's Complaint within thirty days of the date of this Order.

Plaintiff Yvonne Young, Administratrix of the Estate of Ron Timbers (the "Estate"), initiated this civil rights action against the City of Philadelphia (the "City"), the Philadelphia Police Department, Philadelphia Police Commissioner Sylvester Johnson (the "Commissioner"), and two Philadelphia police officers, following the shooting death of Young's son by one of the Defendant police officers. The City and the Commissioner (the "Moving Parties") have filed a Motion to Stay the proceedings pending the completion of an investigation by the Police Shooting Team of the Internal Affairs Division of the City Police Department (the "IAD Investigation"). For the following reasons, we deny the Motion.

"The power to stay proceedings is incidental to the power inherent in every court to control

the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254-57 (1936). As such, a decision whether to stay civil proceedings pending the resolution of criminal proceedings lies within the sound discretion of the district court. See RAD Services, Inc. v. Aetna Casualty & Sur. Co., 808 F.2d 271, 279 (3d Cir. 1986) (citing Texaco, Inc. v. Borda, 383 F.2d 607 (3d Cir. 1967)). In deciding whether to stay civil proceedings under such circumstances, the court should consider the following factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

Golden Quality Ice Cream Co. v. Deerfield Specialty Paper, Inc., 87 F.R.D. 53, 56 (E.D. Pa. 1980).

With respect to the first factor, the Moving Parties acknowledge that the Estate has an interest in pursuing its "claims for monetary relief with deliberate speed," but argue that the Estate can identify no prejudice that it will suffer if a stay is entered, particularly when "[e]very reasonable expectation is that all parties will be available for discovery after the IAD [I]nvestigation is complete." (Defs.' Mem. at 3-4.) They further assert that issuing the stay will actually benefit the Estate, because awaiting the results of the IAD Investigation will (1) assist both parties in focusing the issues and identifying their specific discovery needs, and (2) avoid discovery that is duplicative of the IAD's investigative efforts. The Estate's interest in expeditiously pursuing its civil action, however, is substantial. Moreover, we do not believe that interest to be neutralized by the fact that

all parties likely will be available for discovery after completion of the IAD Investigation is complete or by the Moving Parties' suggestion that the IAD Investigation will actually facilitate the Estate's pursuit of its claims. Indeed, given the known risk of faded memories, and the uncertainty as to when the IAD investigation will be completed, we can only find that the Estate's interests weigh against the issuance of a stay. See Pelzer v. City of Philadelphia, Civ. A. No. 07-0038, 2007 WL 1377662, *3 (E.D. Pa. May 7, 2007) (denying stay of civil rights action pending IAD investigation, and stating with respect to the first factor that "plaintiff has a great interest in proceeding expeditiously and further delay will risk faded recollections of relevant witnesses"). We certainly will not presume to declare that a stay is in the Estate's best interest, when the Estate plainly disagrees with that assertion.

With respect to the second factor, the City and Commissioner assert that proceeding with this action while the IAD Investigation is underway will impose significant burdens on the individual police officer Defendants as it will implicate their Fifth Amendment rights against self-incrimination. However, the right against self-incrimination is personal to a defendant. See id. (citing Saunders v. City of Philadelphia, Civ. A. No. 97-3251, 1997 WL 400034, *4 (E.D. Pa. July 11, 2007)). Moreover, the only Defendants subject to potential criminal prosecution for the shooting of Young's son are the individual police officers, and there has been no suggestion from the officers themselves that they will be invoking the privilege. Thus, we find the Moving Parties' assertion that Fifth Amendment concerns weigh in favor of a stay to be unsubstantiated.

With respect to the third factor in the five-factor test, the City and Commissioner contend that staying the case will further the judiciary's interests as it will clarify the issues for trial and will avoid the potential of a conflict of interest among the Defendants that cannot be resolved until the IAD

investigation is complete.  The concern regarding conflicts of interest, however, is not so weighty or unusual in civil litigation that it warrants the extraordinary remedy of imposing an open-ended stay on the Estate's civil action.  Furthermore, we are certain that civil discovery will suffice to clarify the issues for trial.  Accordingly, we find that this factor, like the first two, does not favor issuance of a stay.

Finally, the City and Commissioner contend that the fourth and fifth factors in the five-factor test favor a stay as the public interest and the interests of third parties will be served if both the IAD Investigation and any criminal proceedings against the individual police officers are permitted to proceed to conclusion without any disruption from the Estate's civil action.  However, the assertions of potential disruption of the criminal proceedings are purely speculative, and the City and Police Commissioner do not elaborate on the type of disruption that they envision.  In the absence of any credible threat of disruption, we find the interest of the public and third parties to support denial of a stay, as the public has a "strong interest in deterring abuses of civil rights through civil litigation." Anthony v. City of Philadelphia, Civ. A. No. 00-5905, 2001 WL 118964, *2 (E.D. Pa. Feb. 9, 2001) (citing Owen v. City of Independence, Mo., 445 U.S. 622, 651 (1980)).

For the foregoing reasons, we find application of the five-factor test to support denial of the requested stay and we therefore deny the Motion to Stay.

BY THE COURT:

 /s/ John R. Padova, J.
John R. Padova, J.